IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:18-cv-382 |
| ACE AMERICAN INSURANCE COMPANY, | § § § § § § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff American Guarantee and Liability Insurance Company as Subrogee of The Brickman Group, Ltd., LLC files its Original Complaint and Jury Demand against Defendant ACE American Insurance Company and respectfully shows as follows:

**I.     PARTIES**

1. Plaintiff American Guarantee and Liability Insurance Company ("AGLIC") is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business is located at 1400 American Lane, Schaumburg, Illinois 60196. Thus, for diversity purposes it is a citizen of New York and Illinois.

2. Defendant ACE American Insurance Company ("Chubb" or "ACE") is a Pennsylvania corporation with its principal place of business located in Philadelphia, Pennsylvania. Thus, for diversity purposes it is a citizen of Pennsylvania. Chubb may be served through its designated registered agent for service of process in Texas, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## II.  JURISDICTION AND VENUE

3. There is complete diversity of citizenship among and between the parties to this action, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. As such, this court has jurisdiction pursuant to 28 U.S.C. § 1332.

4. Venue is proper in the Southern District of Texas, Houston Division because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Harris County, Texas. *See* 28 U.S.C. § 1391.

## III.  FACTS

5. This lawsuit arises out of Chubb's negligent failure to settle, as a primary carrier, an underlying wrongful death lawsuit styled, Cause No. 2015-38679, *Michelle Lynn Braswell, et. al. v. The Brickman Group, Ltd. LLC*, in the 127th Judicial District Court of Harris County, Texas (the "Braswell Suit"), and its refusal to contribute supplementary payments toward resolution of the Braswell Suit post-judgment.

6. The plaintiffs in the Braswell Suit alleged that a truck operated by The Brickman Group, Ltd. LLC ("Brickman") was improperly parked and/or negligently operated such that it caused Mark Braswell to collide with the truck on his bicycle, which caused his death. The plaintiffs in the Braswell Suit were Mark Braswell's wife, mother, and two young children. Mark Braswell was 43 years old at the time of his death.

7. Chubb issued a commercial general liability policy, Policy No. ISA H08719548 to Brickman with $2,000,000 per accident limits (the "Chubb Policy"). The Chubb Policy was Brickman's primary general liability insurance layer.

8. AGLIC issued an excess commercial general liability policy, Policy No. AUC 50585968-09 to Brickman with $10,000,000 per occurrence limits (the "AGLIC Policy"). The AGLIC Policy was excess to and immediately followed the underlying Chubb Policy.

9. The Chubb Policy covered the claims asserted in the Braswell Suit against Brickman and its employee, Guillermo Rafael Bermea. The claimed injuries were the type covered by the policy, incurred at a time covered by the policy, and incurred by persons whose injuries were covered by the policy.

10. Chubb defended Brickman as required by the Chubb Policy, including managing the defense of Brickman and settlement negotiations on behalf of Brickman.

11. In July 2016, Brickman tendered the remaining deductible owed by Brickman under the Chubb Policy to Chubb.

12. On April 13, 2017, the plaintiffs in the Braswell Suit sent Brickman an unconditional offer to settle all claims for $2,000,000 (the "Settlement Demand").

13. There was no time limit for responding to the Settlement Demand.

14. At the time of the Settlement Demand, Chubb had sufficient information to inform the reasonable settlement value of the Braswell Suit.

15. The Settlement Demand was within the scope of coverage under the Chubb Policy.

16. The Settlement Demand was within the Chubb Policy limits.

17. The Settlement Demand was unconditional.

18. The Settlement Demand included all liens.

19. The Settlement Demand was such that an ordinary, prudent insurer would have accepted it, considering the likelihood and degree of the insured's potential exposure to an excess judgment.

20. Chubb did not accept the Settlement Demand.

21. On April 14, 2017, Chubb rejected the Settlement Demand.

22. The Braswell Suit proceeded to a jury trial.

23. During the trial, before verdict, the plaintiffs in the Braswell Suit again offered to settle unconditionally for $2,000,000. Again, Chubb refused the offer.

24. On May 3, 2017, the jury returned a verdict finding Brickman liable and total damages of $39,960,000.00. The jury proportioned 68% responsibility to Brickman and 32% to Mark Braswell.

25. On May 19, 2017, the Court entered judgment on the verdict for $27,712,598.90 against Brickman.

26. On August 17, 2017, AGLIC posted a supersedeas bond for $10,000,000 to protect Brickman during the appeal. AGLIC would not have been required to pay the premium for this bond if Chubb had accepted either of the settlement offers for $2,000,000.

27. Brickman and the plaintiffs in the Braswell suit entered into an agreement to satisfy the judgment in the Braswell Suit. The agreement required indemnity payments by Chubb and AGLIC under their respective policies.

28. Under the Chubb Policy, Chubb paid its $2,000,000 in limits toward satisfaction of the judgment.

29. Under the AGLIC Policy, AGLIC paid the remainder of the agreed amounts owed toward satisfaction of the judgment.

30. The amount paid by AGLIC to settle the Braswell suit is reasonable and is not voluntary.

31. Under the Chubb Policy, Chubb owed post-judgment interest in addition to its $2,000,000 in limits, for purposes of any settlement or final judgment in the Braswell Suit. Yet, Chubb did not pay these amounts.

32. AGLIC is contractually and equitably subrogated to Brickman's rights and causes of action against Chubb brought in this suit.

33. All conditions precedent necessary to bring these claims have been satisfied.

## IV. CAUSES OF ACTION

### A. Stowers *Claim*

34. By refusing to accept the Settlement Demand, Chubb negligently failed to settle claims made within policy limits against its insured, Brickman. *See Seger v. Yorkshire Ins. Co., Ltd.*, 503 S.W.3d 388, 396 (Tex. 2016) (following *Am. Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 849 (Tex. 1994) and *G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App.1929, holdings approved)).

35. Chubb's negligent failure to settle proximately caused AGLIC damages for which AGLIC seeks relief. Such damages include, but are not limited to:

   a. AGLIC's indemnity payments toward satisfaction of the judgment in the Braswell Suit.

   b. AGLIC's payment of premium for a supersedeas bond in the Braswell Suit.

   c. AGLIC's payment of additional mediator fees to negotiate resolution of the Braswell Suit after judgment was entered.

   d. AGLIC's payment of legal fees and other expenses necessary to protect its interests post-verdict and post-judgment.

### B. *Breach of Contract*

36. Additionally, Chubb breached the Chubb Policy by not paying the full amount owed under the policy, specifically post-judgment interest on the Braswell Suit judgment.

37. Chubb's breach caused AGLIC damages which AGLIC is entitled to recover from Chubb.

## V. DAMAGES

38. As a result of Chubb's acts and omissions detailed above, AGLIC has been damaged in excess of $75,000.

## VI. ATTORNEY'S FEES

39. AGLIC is entitled to recover its reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code § 38.001. The breach of contract claim has been presented to Chubb, while AGLIC has been represented by counsel, and the just amount owed was not paid or tendered before the expiration of the 30th day after the claim was presented.

## VII. JURY DEMAND

40. AGLIC demand trial by jury.

### PRAYER FOR RELIEF

PREMISES CONSIDERED, AGLIC prays that after jury trial it recover:

(a) actual direct and consequential damages;

(b) court costs, expenses and attorney's fees;

(c) pre and post-judgment interest at the highest allowable rate; and

(d) such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

*/s/ Blair Dancy*

Blair Dancy
Attorney-in-Charge
State Bar No. 24001235
Southern District ID No. 619381
**CAIN & SKARNULIS PLLC**
400 West 15th Street, Suite 900
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile

**ATTORNEYS FOR PLAINTIFF AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY**

OF COUNSEL:

Zachary H. Bowman
State Bar No. 24073944
Southern District ID No. 1312136
**CAIN & SKARNULIS PLLC**
400 West 15th Street, Suite 900
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile